UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TIFFANY T. SPENCER                                                                                    PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:23CV223-LG-RPM

SHELLPOINT MORTGAGE SERVICING                                                      DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff Tiffany T. Spencer filed a complaint on September 5, 2023, alleging claims against Defendant Shellpoint Mortgage Servicing. Doc. [1]. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. [2]. Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982). The determination to grant pauper status is based solely on the plaintiff's economic status. *Mitchell v. Sheriff Dep't*, 995 F.2d 60, 62 n.1 (5th Cir. 1993). The Court must examine the demand on plaintiff's financial resources, including whether expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. One need not be absolutely destitute to enjoy the benefit of the statute. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

There is no bright line test for determining if a person is indigent, and the decision to grant pauper status is within the Court's discretion. *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981). The Court, in exercising its discretion, considered the following factors: Is the plaintiff barred from the federal courts by reason of her impecunity? *Souder v. McGuire*, 516 F.2d 820 (3d Cir. 1975). Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969). Is the plaintiff forced to contribute her last dollar,

or render herself destitute to prosecute her claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Plaintiff works as a travel nurse. In her *in forma pauperis* application, Plaintiff indicates an average monthly household income of $6,000, which is anticipated to rise to $7,000 next month. She has approximately $1,200 in her checking account. Plaintiff lists monthly expenses of approximately $3,000. In other words, her monthly income exceeds monthly expenses by approximately $3,000. Based on the foregoing, the undersigned finds that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*.

## **RECOMMENDATION**

The undersigned recommends that Plaintiff's [2] Motion to Proceed *in forma pauperis* be DENIED.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 7th day of November 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE