## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**TIFFANY T. SPENCER**                                                         **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:23-cv-223-LG-RPM**

**NEWREZ, LLC, *d/b/a* SHELLPOINT**
**MORTGAGE SERVICING;**
**JOHN DOES 1–10**                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT NEWREZ, LLC'S [43] MOTION TO
### DISMISS THE SECOND AMENDED COMPLAINT [42]

This case stems from the dismissal of Plaintiff Tiffany T. Spencer's 2021

bankruptcy and subsequent foreclosure of her house.  Plaintiff alleges Defendant

NewRez, LLC, doing business as Shellpoint Mortgage Servicing ("Shellpoint")

misapplied loan payments which ultimately led to the bankruptcy dismissal.

Plaintiff contends that, but for this misapplication of payments and other errors,

Plaintiff would still have her house and not face eviction.  Shellpoint seeks

dismissal with prejudice of Plaintiff's claims in its [43] Motion to Dismiss.

### BACKGROUND

In 2008, Plaintiff executed a Note and Deed of Trust for real property located

at 344 Grayson Street, Pass Christian, Mississippi.  In 2017, Plaintiff filed a

petition for a Chapter 13 bankruptcy.  *See In re Spencer*, No. 17-51654-KMS (Bankr.

S.D. Miss. 2017) (hereinafter "2017 bankruptcy").  The Bank of New York Mellon,

Indenture Trustee, for WIMC Capital Trust 2011-1 ("BNYM") was a creditor for the

encumbered property, and Ditech Financial LLC f/k/a Green Tree Servicing, LLC

("Ditech") was BNYM's servicer.  Ditech filed a proof of claim.  The Bankruptcy

Court confirmed the plan and ultimately dismissed the 2017 bankruptcy for non-payment.

Shellpoint became BNYM's mortgage servicer after the 2017 bankruptcy. In 2021, Plaintiff again filed for bankruptcy under Chapter 13. *See In re Tiffany T. Spencer*, Case No. 21-50207-KMS (Bankr. S.D. Miss. 2021) (hereinafter "2021 bankruptcy"). Shellpoint submitted a proof of claim on behalf of BNYM for the encumbered property, and Plaintiff timely objected to the proof of claim. The Bankruptcy Court confirmed the plan in September 2021 and referenced its agreed order that Shellpoint may submit another proof of claim. Plaintiff approved the order confirming the Chapter 13 plan. Shellpoint submitted an amended proof of claim ("APOC") in October 2021, after the plan's confirmation, and Plaintiff did not object. The Bankruptcy Court dismissed the case in July 2023 for failure to comply with the order regarding payments. The Bankruptcy Court barred Plaintiff from filing another bankruptcy case for two years from the entry of the July 2023 order.

Two months after the Bankruptcy Court's dismissal, Plaintiff filed the present case in September 2023, initially proceeding pro se. Plaintiff then obtained current counsel, and in September 2024, Plaintiff sought leave to file an amended complaint. The Court granted the [27] Motion for Leave to File Amended Complaint. Shellpoint moved to dismiss the [30] Amended Complaint. The Court granted the motion, determining that the [30] Amended Complaint was essentially a shotgun pleading and failed to state a claim. Order [38]. The Court granted Plaintiff leave to file a second amended complaint.

Plaintiff alleges during the 2021 bankruptcy, Shellpoint's APOC misapplied Plaintiff's payments. Shellpoint allegedly did not credit Plaintiff for $2,820.07 in trustee payments made to her account in the 2017 bankruptcy. The alleged misapplication materially inflated the mortgage balance for the property. Plaintiff alleges Shellpoint's improper handling of payments "created a false default that resulted in the dismissal of Tiffany's bankrupt[y] and initiated unlawful foreclosure proceedings[.]" 2d Am. Compl. [42] at 6. Plaintiff alleges that Shellpoint, BNYM, and Ditech ultimately moved forward with foreclosure after the 2021 bankruptcy dismissal without giving proper notice. Plaintiff alleges she only became aware of the foreclosure after an eviction judgment was entered against her.[1] Plaintiff named BNYM, Ditech, Shellpoint, and John Does 1–10 as defendants. The Court dismissed BNYM and Ditech without prejudice for Plaintiff's failure to serve process in a timely manner under Rule 4(m). *See* Order [52].

Plaintiff's claims against Shellpoint are the following: breach of contract; negligence; and unfair and deceptive trade practices violating the Mississippi Consumer Protection Act ("MCPA"), Real Estate Settlement Procedures Act ("RESPA"), and related federal statutes governing mortgage servicing and consumer protection. Plaintiff seeks injunctive relief, cancellation of fees, actual

---

[1] Curiously, Plaintiff's first [1] Complaint, [6] Mot. for Temporary Restraining Order, and [7] Am. Mot. for Temporary Restraining Order ask the Court to cancel the foreclosure sale ***before*** the foreclosure sale occurred. Plaintiff does not explain the inconsistency.

3

and compensatory damages, punitive damages, attorney's fees and court costs, pre-
and post-judgment interest, and any other relief the Court deems just and proper.

Shellpoint argues that the Second Amended Complaint should be dismissed
with prejudice for the following reasons: res judicata, judicial estoppel, failure to
state a claim, and the statute of limitations has run on each claim. Shellpoint also
argues that the Court should deny Plaintiff's request for injunctive relief because
there are no surviving causes of action. Both parties have briefed the issues and
Shellpoint's [43] Motion is ripe for review.

## DISCUSSION

The Court "accept[s] all well-pleaded facts as true and construe[s] the
complaint in the light most favorable to the plaintiff" under Rule 12(b)(6). *In re
Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citation
omitted). Additionally, "[a]ll questions of fact and any ambiguities in the
controlling substantive law must be resolved in the plaintiff's favor." *Walker v.
Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration in
original) (citation omitted). Courts do not have to accept legal conclusions
presented as factual allegations. *Id.* "Nor does a complaint suffice if it tenders
'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in
original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive Rule 12(b)(6), "a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556
U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court may review the Second Amended Complaint's facts, and any documents attached to the Complaint and matters of judicial notice pursuant to Federal Rule of Evidence 201. *See Walker*, 938 F.3d at 735. The 2017 bankruptcy and 2021 bankruptcy are matters of public record, so the Court may rely on those cases without converting the [43] Motion into a summary judgment motion. *See id.*

## I.  RES JUDICATA

Shellpoint raises the defense of res judicata for all claims in the Second Amended Complaint. A court may dismiss a claim under Rule 12(b)(6) on the grounds of res judicata "when the elements of res judicata are apparent on the face of the pleadings." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021) (quoting *Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014) (unpublished)); *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 591 (5th Cir. 2020). Res judicata for a bankruptcy judgment requires: "1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases." *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993). Plaintiff argues that Shellpoint failed to establish the third and fourth elements of res judicata. The Court finds that Shellpoint failed to establish the third element.

The Bankruptcy Court confirmed the plan on September 16, 2021:

> The Debtor(s) plan was filed on 03/23/21, and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirement of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The Debtor(s) chapter 13 plan attached hereto is confirmed.

Order Confirming Chapter 13 Plan at 1, *In re Spencer*, Ch. 13 Case No. 21-50207-KMS (Bankr. S.D. Miss. 2021), Dkt. No. 61. BNYM filed the APOC on October 15, 2021, *after the plan confirmation*. Official Form 410 Proof of Claim at 3, *In re Spencer*, Ch. 13 Case No. 21-50207-KMS, Claim 3-2. Thus, the Bankruptcy Court did not consider the APOC when it confirmed the bankruptcy plan, nor issue a final judgment regarding the APOC. There was no final decision on the merits from the Bankruptcy Court, so Shellpoint's res judicata defense fails. The Court will not dismiss these claims for res judicata because its elements are not apparent on the face of the pleadings. *See Stevens*, 17 F.4th at 571.

## II.  JUDICIAL ESTOPPEL

Shellpoint argues that Plaintiff should be judicially estopped from raising these claims because Plaintiff took a different position in the 2021 bankruptcy. Judicial estoppel is a common-law doctrine that prevents "a party who has assumed one position in his pleadings . . . from assuming an inconsistent position[.]" *In re Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). The doctrine protects integrity of the judiciary and not the litigants. *Id.* A court may apply judicial estoppel under a Rule 12(b)(6)

motion when it "appears on the face of the pleadings." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 274 (5th Cir. 2015). Courts consider the following criteria when evaluating judicial estoppel:

> (1) the party against whom judicial estoppel is sought has asserted a legal position that is "plainly inconsistent" with a position asserted in a prior case; (2) the court in the prior case accepted that party's original position, thus creating the perception that one or both courts were misled; and, (3) the party to be estopped has not acted inadvertently.

*In re Oparaji*, 698 F.3d at 235; *see U.S. ex rel. Long*, 798 F.3d at 272 (describing the criteria as elements).

## A. PLAINLY INCONSISTENT POSITION

Shellpoint has not shown that Plaintiff's positions are plainly inconsistent. "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013). Shellpoint relies on *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999), where the Fifth Circuit reiterates:

> The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information *prior to confirmation* to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed.

*Id.* at 207–08 (citation modified) (emphasis added). Plaintiff's causes of action against Shellpoint arose *after* the confirmation of the plan because the APOC's allegedly misapplied funds, so *In re Coastal Plains, Inc., is* inapplicable to the analysis. Shellpoint only raised and addressed pre-confirmation arguments, so the Court will not consider potential arguments regarding Plaintiff's potential post-

confirmation duties to disclose her breach of contract, negligence, or MCPA[2] claims. Given the arguments before the Court, the breach of contract, negligence, and MCPA claims are not plainly inconsistent to Plaintiff's prior position. *See In re Oparaji*, 698 F.3d at 235; *U.S. ex rel. Long*, 798 F.3d at 272.

In regard to the RESPA claim, Plaintiff gave Shellpoint notice of the claim in her Official Form 106A/B. *See* Schedules/Statements at 7, *In re Spencer*, Ch. 13 Case No. 21-50207-KMS, Dkt. No. 15 (hereinafter "Statements"). Plaintiff preserved her RESPA claim during the bankruptcy, so raising RESPA in this case is not plainly inconsistent with her prior position. *See In re Oparaji*, 698 F.3d at 235. It is not apparent that Plaintiff's positions are plainly inconsistent, so Shellpoint fails the first element of judicial estoppel. *See id.*; *U.S. ex rel. Long*, 798 F.3d at 272.

## B. BANKRUPTCY COURT'S ACCEPTANCE OF PRIOR POSITION

Shellpoint does not satisfy the second element because it is not apparent that the Bankruptcy Court accepted Plaintiff's alleged original positions. As stated *supra*, the Bankruptcy Court's confirmation of the plan occurred before the APOC, so the Bankruptcy Court did not consider, nor accept, Plaintiff's alleged original position regarding the APOC. Plaintiff preserved her RESPA claim, *see supra*, so whether the Bankruptcy Court accepted her position does not change the result. Therefore, it is not apparent that the Bankruptcy Court accepted Plaintiff's alleged

---

[2] From the sparse facts provided in the Second Amended Complaint, Plaintiff's MCPA claim seems to arise out of Shellpoint's actions during the 2021 bankruptcy. As discussed *infra*, the MCPA claim does not survive under Rule 12(b)(6).

original positions, so Shellpoint fails the second element of judicial estoppel.  *See*

*U.S. ex rel. Long*, 798 F.3d at 272.

Because Shellpoint failed to establish the first two elements of judicial

estoppel, the Court need not discuss the third element of judicial estoppel.  The

Court will not dismiss these claims under the doctrine of judicial estoppel.  *See id.*

at 274.

## III.  FAILURE TO STATE A CLAIM

### A.  BREACH OF CONTRACT

Shellpoint next argues that it cannot be liable for breach of contract because

it was never a party to the Deed of Trust.  Plaintiff's breach of contract claim alleges

Shellpoint violated the Deed of Trust mortgage contract.  The Deed of Trust's

governing law is Mississippi.  *See* Pl.'s Ex. [42-1] at 8, 14.  To succeed on a breach of

contract claim in Mississippi, a plaintiff must prove: "(1) the existence of a valid and

binding contract; and (2) that the defendant has broken, or breached it."  *Bus.*

*Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224–25 (Miss. 2012) (citation modified).

Mississippi generally requires "privity of contract between the damaged party and

the party sought to be held liable for the breach."  *Mortera v. State Farm Fire &*

*Cas. Co.*, 561 F. Supp. 3d 684, 690 (S.D. Miss. 2021) (citation omitted).  "A contract

cannot bind a nonparty."  *Bissette v. Univ. of Miss. Med. Ctr.*, 282 So. 3d 507, 513

(Miss. Ct. App. 2019) (citation modified).

Plaintiff has not demonstrated that Shellpoint was a party to the Deed of

Trust.  BNYM was assigned the Deed of Trust in 2017 and assumed its

obligations—not Shellpoint.  Pl.'s Ex. [42-3] at 13.  Plaintiff alleges that Shellpoint is bound to the Deed of Trust's term because Shellpoint acted as BNYM's agent.  *See* Pl.'s Resp. Mem. [47] at 4; 2d Am. Compl. [42] at 5.  "An agent of a disclosed principal is not a party to his principal's contract and cannot be liable for [its] breach."  *See Saucier v. Coldwell Banker JME Realty*, 644 F. Supp. 2d 769, 780 (S.D. Miss. 2007) (quoting *Rogers v. Nationwide Prop. & Cas. Ins.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006)).  Plaintiff cites the Eleventh Circuit's *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868 (11th Cir. 2010), for the assertion that agents of note holders are bound by the deed's terms.  *Johnson* is inapplicable and unpersuasive.  *See id.* at 873–74 (discussing standing and RESPA).

The Court is not required to accept Plaintiff's legal conclusion that Shellpoint is bound by the Deed of Trust.  *See Walker*, 938 F.3d at 735; *Spinosa v. Foremost Ins. Grand Rapids Mich.*, No. 24-30472, 2025 WL 304530, at *1 n.2 (5th Cir. 2025) ("[S]omething more than conclusory comments is required as the Supreme Court made clear in *Twombly/Iqbal*.").  If there are alternative legal arguments that show privity between Shellpoint and Plaintiff, the Court deems such arguments abandoned.  *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").  Under Mississippi law, absent privity there is no binding contract between Shellpoint and Plaintiff.  *See Mortera*, 561 F. Supp. 3d at 690; *Banks*, 90

So. 3d at 1224–25.  The breach of contract claim against Shellpoint is dismissed for failure to state a claim.  *See Iqbal*, 556 U.S. at 678.

## B.  UNFAIR AND DECEPTIVE TRADE PRACTICES

Plaintiff raises MCPA, Miss. Code Ann. § 75-24-1 et seq., and RESPA, 12 U.S.C. § 2601 et seq., claims against Shellpoint.  Plaintiff alleges Shellpoint's actions constitute unfair and deceptive practices and that Shellpoint violates both statutes.  Shellpoint attacks both claims for failing to meet Rule 8's floor and engaging in a shotgun pleading.  Shellpoint also argues that Plaintiff falls below the Rule 12 requirement to provide facts supporting the elements.  The Court discusses below why these claims fail.

### 1.  MCPA

As a prerequisite to bringing a private right of action lawsuit, the MCPA requires that "the plaintiff must have first made a reasonable attempt to resolve [her] claim through an informal dispute settlement program approved by the Attorney General."  Miss. Code Ann. § 75-24-15(2); *see Humphrey v. Citibank NA*, No. 2:12CV148M–V, 2013 WL 5407195, at *6 (N.D. Miss. Sep. 25, 2013) (quoting *Wilson v. New Palace Casino, L.L.C.*, No. 1:11cv447-HSO-JMR, 2013 WL 870350, at *12 (S.D. Miss. Mar. 7, 2013)) (A plaintiff ignoring the informal dispute resolution prerequisite "is fatal to a MCPA claim.").  Plaintiff did not respond to Shellpoint's argument that she failed to meet this statutory requirement.  Instead, Plaintiff's argument is limited to the following: "Under the [MCPA], Plaintiff alleges that Shellpoint misrepresented her account status in statements and foreclosure notices.

These allegations meet the plausibility standard under Rule 8." Pl.'s Resp. Mem. [47] at 5.

This argument is unpersuasive and not well-taken. *See Walker*, 938 F.3d at 735; *Spinosa*, 2025 WL 304530, at *1 n.2; *Dunkel*, 927 F.2d at 956; *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation omitted) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Because Plaintiff failed to allege that she satisfied the statutory prerequisite of the MCPA, the Court need not discuss Shellpoint's alternative arguments. Therefore, the Court will dismiss the MCPA claim for failure to state a claim.

### 2. RESPA

In the [42] Second Amended Complaint, Plaintiff alleges Shellpoint violated RESPA. Plaintiff clarifies in the [47] Response Memorandum that Plaintiff is suing Shellpoint under "12 U.S.C. § 2605(e)–(g), by failing to apply payments as required and by failing to provide accurate annual escrow account statements. Such allegations state a valid claim." Pl.'s Resp. Mem. [47] at 4–5 (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 581 (7th Cir. 2012)). RESPA allows private rights of action for the provisions of § 2605. 12 U.S.C. §§ 2605(f), 2614. "Subsection (f) makes a servicer liable to an individual for actual and statutory damages resulting from the failure to comply with the provisions of § 2605." *Baxa v. Seterus, Inc.*, No. 17-5434, 2018 WL 3632361, at *2 (E.D. La. July 31, 2018).

12

Plaintiff alleges Shellpoint violated RESPA and engaged in unfair and deceptive practices by:

> Misrepresenting Tiffany's loan status through monthly statements that omitted or misapplied confirmed bankruptcy plan payments; treating $2,820.07 payments as "unapplied" without explanation or legal justification; inflating escrow balances and charging unexplained fees without itemization, invoice, or service justification; and initiating foreclosure based on a manufactured default arising from its own servicing errors.

2d Am. Compl. [42] at 10–11 (citation modified).

### a. Section 2605(e)

"Section 2605(e) of the RESPA provides that if a loan servicer receives a qualified written request ("QWR") from the borrower for information relating to the servicing of such loan, the servicer must provide a written response acknowledging the receipt of the correspondence within 20 days unless the action requested is taken within such period." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012) (citing 12 U.S.C. § 2605(e)(1)(A)) (citation modified).[3] To state a claim under § 2605(e), a plaintiff must allege a correspondence meeting the requirements of a QWR, that the defendant failed to make a timely response, and that the failure caused actual damages. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014). Plaintiff has not pled nor alleged any facts that touch on these elements in her [42] Second Amended Complaint. Therefore, Plaintiff failed to state a claim under § 2605(e).

---

[3] *See Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 657–58 (E.D. Tex. 2016) (providing an in-depth discussion of RESPA QWR requirements).

**b. Section 2605(g)**

"Section 2605(g) governs the administration of escrow accounts and 'requires that servicers who collect funds from borrowers in order to pay taxes, insurance premiums, and other charges make those payments in a timely manner so as to avoid penalties thereon.'" *Burkett v. Bank of Am., N.A.*, No. 1:10cv68-HSO-JMR, 2011 WL 4565881, at *2 (S.D. Miss. Sep. 29, 2011) (quoting *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 858 (N.D. Ohio 2010)); *see* 12 U.S.C. § 2605(g). To state a claim under § 2605(g), a plaintiff must allege:

> (1) the borrower had a federally related mortgage loan; (2) the terms of the loan agreement require the borrower to make payments to an escrow account; (3) the borrower owed taxes or premiums that were to be paid out of the escrow accounts; (4) the servicer failed to make such payments in a timely manner . . . ; and (5) at the time the premium payment was due, the borrower was not more than 30 days delinquent in making mortgage payments.

*Baxa*, 2018 WL 3632361, at *2 (quoting *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 399 (N.D. Ill. 2006)).

The [42] Second Amended Complaint does not allege that Plaintiff's mortgage loan was federally related, nor does Plaintiff allege that she was current in her mortgage payment. Therefore, Plaintiff failed to state a claim under § 2605(g). *See id.* (same result). Plaintiff did not make alternative arguments in support of the RESPA claim in her [46] Response in Opposition or [47] Memorandum in Support, so if there are such arguments, the Court deems them abandoned. *See Terry Black's Barbecue, L.L.C.*, 22 F.4th at 459; *see also McPherson*, 125 F.3d at 995–96. The Court dismisses the RESPA claim for failure to state a claim. To the extent that Plaintiff alleges other federal mortgage servicing and consumer protection statutes,

14

the Court dismisses them under Rule 8 as again, a shotgun pleading.  *See Perkins v. Foremost Ins. Co. Grand Rapids, Mich.*, No. 23-910-SDD-SDJ, 2024 WL 4524166, at *2 (M.D. La. July 19, 2024).

## C. NEGLIGENCE

Shellpoint argues that the statute of limitations has run for the negligence claim and requests dismissal under Rule 12.  "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

In this case, Plaintiff's negligence claim is subject to a three-year statute of limitations.  *See* Miss. Code Ann. § 15-1-49.  A negligence claim accrues when "all elements of the tort are present." *Mac Long Homes, LLC v. Olvera Constr., LLC*, 385 So. 3d 835, 840 (Miss. Ct. App. 2024) (citation modified).  The elements of negligence under Mississippi are duty, breach, causation, and damages. *Id.* Looking at the [42] Second Amended Complaint's facts, the latest potential negligence claim occurred when Shellpoint allegedly damaged Plaintiff through its filing of the APOC in October 2021.  Thus, the latest date the negligence claim could accrue occurred in October 2021.  Three years after October 2021 is October 2024. Plaintiff filed the [42] Second Amended Complaint in June 2025.  Therefore, the statute of limitations has run for the negligence claim, absent relation back or other doctrines tolling the statute.

Plaintiff argues that the statute did not run because the [42] Second Amended Complaint relates back to the original [1] Complaint. If an amended pleading relates back to the timely-filed pleading, it is "thus itself timely even though it was filed outside an applicable statute of limitations." *Johnson v. Miller*, 126 F.4th 1020, 1027 (5th Cir. 2025) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)). An amended pleading relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). Courts typically allow relation back where "a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in the prior complaint." *Johnson*, 126 F.4th at 1027 (citation modified). A new legal theory of relief relates back if "both of the claims relate to the same general conduct, transaction and occurrence which involved the injury." *Id.* at 1028 (citation modified). "Essentially, where both claims arise from one episode-in-suit, the new claim can relate back. In contrast, where the new claim targets separate episodes, the claim does not relate back." *Id.* (citation modified); *see Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("The existence of a common core of operative facts unite the original and newly asserted claims." (citation modified)). A court "must ask whether the opposing party was put on notice of the new claim." *Johnson*, 126 F.4th at 1027.

The Court finds the [42] Second Amended Complaint negligence claim does not relate back to the [1] Complaint. Plaintiff originally filed this case pro se in

2023. Therefore, the Court is mindful to read the pro se complaint liberally. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Even construing the [1] Complaint liberally, its facts would not put Shellpoint on notice of the negligence claims alleged in the [42] Second Amended Complaint. *See Johnson*, 126 F.4th at 1027. None of the facts alleged raise nor discuss Shellpoint's alleged misapplication of bankruptcy funds during the 2021 bankruptcy. Instead, they focus on insurance, escrow calculations, and uncontrollable fees. *See* Compl. [1]. Her only mention of bankruptcy is the fact that she filed for bankruptcy. *See id.* In contrast, the [42] Second Amended Complaint mainly centers on the events during the 2021 bankruptcy. Plaintiff alleges that Shellpoint breached its duty of care by: "misapplying or failing to apply $2,820.07 in payments made in the 2017 bankruptcy" during the 2021 bankruptcy, misclassifying these funds during the 2021 bankruptcy as unapplied, and failing various duties under the Deed of Trust "and applicable federal servicing standards." 2d Am. Compl. [42] at 9.

The [42] Second Amended Complaint's facts are not simply amplified facts from the [1] Complaint. *See Johnson*, 126 F.4th at 1027. The Court cannot stretch the current [42] Second Amended Complaint's 2021 bankruptcy allegations over the [1] Complaint's insurance and escrow calculation allegations, so there is not a common "core of operative facts[.]" *See Mayle*, 545 U.S. at 659. The claims and allegations in the [42] Second Amended Complaint (while some may overlap with the [1] Complaint) in effect "target separate episodes, so the claims do not relate back." *See Johnson*, 126 F.4th at 1028 (citation modified). Therefore, the facts and

claims alleged in the [1] Complaint are not the same transaction or occurrence addressed or discussed in the [42] Second Amended Complaint.  The [42] Second Amended Complaint does not relate back to the original pleading.[4]

Plaintiff attempts to raise the discovery rule and the doctrine of continuing tort to toll the running of the statute.  The Court finds these arguments inapplicable and unpersuasive.  To invoke the discovery rule, Plaintiff must show that the injury was latent.  *See Milam v. Kelly*, 282 So. 3d 682, 688 (Miss. Ct. App. 2019).  A latent injury occurs "where the plaintiff is precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act."  *Id.* (citation modified).  Whether a latent injury exists "depends on whether the plaintiff knew or reasonably should have known that an injury existed which in turn depends on the specific facts of the case."  *Sturdivant v. Coahoma County*, 303 So. 3d 1124, 1132 (Miss. Ct. App. 2020) (citation omitted).  The court looks to the actions taken by a plaintiff to determine whether a plaintiff knew or should have reasonably known about the injury.  *Id.* (citing *Milam*, 282 So. 3d at 687).  If there is a *genuine* issue for when a plaintiff could have reasonably discovered the injury, it becomes a fact question for the jury.  *Am. Optical Corp. v. Est. of Rankin*, 227 So. 3d 1062, 1068–69 (Miss. 2017).

---

[4] Plaintiff did not argue that the [42] Second Amended Complaint related back to the [30] Amended Complaint, which was filed in November 2024.  Regardless of whether the pleading relates back, the result would not change because the negligence claim expired in October 2024.  *See supra*.

Plaintiff raises no genuine issue in the response memorandum, and nothing in the [42] Second Amended Complaint suggests that Plaintiff could not reasonably discover the injury.  The APOC was not a hidden filing; it was accessible on the Bankruptcy Court's Claim Register.  The Court need not accept the naked assertion that Plaintiff could not reasonably discover her injury until Plaintiff reviewed Shellpoint's servicing records.  *See Walker*, 938 F.3d at 735; *Spinosa*, 2025 WL 304530, at \*1 n.2 ("[S]omething more than conclusory comments is required as the Supreme Court made clear in *Twombly/Iqbal*.").  Plaintiff abandons any alternative argument for lack of briefing.  *See Terry Black's Barbecue, L.L.C.*, 22 F.4th at 459; *Dunkel*, 927 F.2d at 956; *see also McPherson*, 125 F.3d at 995–96.  The Court declines to find that there was a latent injury delaying the negligence claim's accrual.

Plaintiff argues that Shellpoint's actions constitute a continuing tort because "it repeatedly failed to apply payments and issued incorrect statements into 2023." Pl.'s Resp. Mem. [47] at 6.  The allegation that the conduct continued into 2023 does not appear in the [42] Second Amended Complaint, so the Court cannot consider it. *See Walker*, 938 F.3d at 735.  The Court limits the continuous tort analysis to the facts and conduct alleged in the [42] Second Amended Complaint.  A continuous tort "involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." *Humphries v. Pearlwood Apartments P'ship*, 70 So. 3d 1133, 1135 (Miss. Ct. App. 2011) (quoting *Pierce v. Cook*, 992 So. 2d 612, 619 (Miss.

2008)).  It does not apply where there are "continual ill effects from an original violation."  *Id.* (quoting 992 So. 2d at 619).

The fact allegations Plaintiff raises in the negligence claim against Shellpoint occurred from 2017–2021.  To the extent Plaintiff attempts to connect these 2017–2021 facts to 2023, the [42] Second Amended Complaint does not support this connection—apart from the continual effect of the Bankruptcy Court's dismissal of the bankruptcy in 2023 based on the alleged misapplication of the $2,820.07 in the APOC and the resulting foreclosure of her house post-bankruptcy dismissal.  *See id.*; *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993) ("Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.").  Plaintiff waives any alternative arguments for lack of briefing.  *See Terry Black's Barbecue, L.L.C.*, 22 F.4th at 459; *Dunkel*, 927 F.2d at 956; *see also McPherson*, 125 F.3d at 995–96.  The Court determines that the doctrine of continuing tort does not apply.

It is evident from the complaint that the statute of limitations has run for the negligence claim.  *See King-White*, 803 F.3d at 758.  Plaintiff waives any alternative arguments for lack of briefing.  *See Terry Black's Barbecue, L.L.C.*, 22 F.4th at 459; *Dunkel*, 927 F.2d at 956; *see also McPherson*, 125 F.3d at 995–96.  For this reason, the Court dismisses Plaintiff's negligence claim.[5]

---

[5] As an alternative ground, the Court would dismiss Plaintiff's negligence claim because Plaintiff repeatedly engages in shotgun pleading.  *See Perkins*, 2024 WL 4524166, at *2.

## IV.  INJUNCTIVE RELIEF

Neither party disputes that, absent an underlying legal claim, injunctive relief is improper.  *See Barnett v. City of Laurel*, No. 2:18-cv-92-KS-MTP, 2019 WL 5865774, at *6 (S.D. Miss. Nov. 8, 2019).  Having determined that no claim against Shellpoint survives, the Court also dismisses Plaintiff's demands for injunctive relief against Shellpoint.

## V.  LEAVE TO AMEND

Shellpoint seeks dismissal with prejudice.  Rule 15(a)'s leave to amend is "not automatic."  *Berry v. LoanCity*, 489 F. Supp. 3d 441, 454 (M.D. La. 2020) (quoting *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996)).  A district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Id.* (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).  A court may decline amendment when it is futile.  *Berry*, 489 F. Supp. at 454 (citation omitted).  Plaintiff has been afforded numerous opportunities to plead her best case.  *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  During the May 2025 hearing regarding the [32] Motion to Dismiss, the Court granted Plaintiff an opportunity to amend and gave Plaintiff one more chance to file an appropriate complaint.

Additionally, Plaintiff did not request amendment in response to the motion to dismiss.  *See Ferrer & Poirot GP v. Cincinnati Ins.*, No. 3:20-CV-3286-L-BK, 2021 WL 4260390 (N.D. Tex. Sep. 16, 2021) (Allowing Plaintiff "to amend further will

unnecessarily delay the resolution of this case because [she] ha[s] not requested to further amend [her] pleadings in response to the Motion to Dismiss"). Instead, Plaintiff repeatedly asserts the pleading is adequate. *See* Pl.'s Resp. Mem. [47] at 2–5, 7. Plaintiff's failure to request amendment in the face of the [43] Motion to Dismiss coupled with the repeated assertion of adequacy also constitutes Plaintiff's best case against the remaining John Does 1–10. *See Seilheimer v. Soundview Home Loan Tr. 2006-OPT2*, No. 3:22-CV-0681-N-BH, 2022 WL 17167952, at *1 (N.D. Tex. Oct. 3, 2022) report and recommendation adopted, No. 3:22-CV-0681-N-BH, 2022 WL 17168361 (N.D. Tex. Nov. 21, 2022) (citations omitted). As Plaintiff pled her best case against the John Does, and the [42] Second Amended Complaint fails to state a claim upon which relief may be granted, the Court *sua sponte* dismisses the John Does. *See id.* (Dismissal appropriate where Plaintiff pleads best case).

## CONCLUSION

To survive Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Court dismisses all claims because Plaintiff failed to state a claim. To the extent the Court has not addressed any remaining arguments, the Court has determined they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant NewRez, LLC's [43] Motion to Dismiss is hereby **GRANTED**. Plaintiff Tiffany T.

Spencer's claims against Defendants NewRez, LLC and John Does 1–10 are hereby **DISMISSED**.  A final judgment shall be entered separately pursuant to Rule 58.

      **SO ORDERED AND ADJUDGED** this the 30th day of January, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE